Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

_____ Division

United States Courts
Southern District of Texas
F I L E D

JUL 19 2019

David J. Bradley, Clerk of Court

|   |   |
|---|---|
| Robbye Rena Hannah <br><br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br> Rhonda J. Thompson Attorney for Geovera Specialty Insurance Company <br> Mr. Edward Treinen; Mr. Terry Donohue <br><br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☐ Yes  ☑ No |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Robbye Rena Hannah |
   | Street Address | 1515 Grand Valley Drive |
   | City and County | Houston and Harris |
   | State and Zip Code | Texas and 77090 |
   | Telephone Number | 713-498-7240 |
   | E-mail Address | rrhannah8@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
 Name Rhonda Thompson
 Job or Title (if known) Attorney
 Street Address 700 N. Pearl Street
 City and County Dallas, Dallas County
 State and Zip Code Texas
 Telephone Number 214871-8273
 E-mail Address (if known) rthompson@thompsoncoe.com

Defendant No. 2
 Name Mr. Terry Donohue
 Job or Title (if known) Claims Adjuster
 Street Address P.O.B 2957
 City and County Fairfield, Solano
 State and Zip Code California 94533-0592
 Telephone Number 1-800-735-8086
 E-mail Address (if known)

Defendant No. 3
 Name Mr. Edward Treinen
 Job or Title (if known) Claims Adjuster
 Street Address POB
 City and County Fairfield, Solano
 State and Zip Code California 94533-0592
 Telephone Number 1-800-735-8086
 E-mail Address (if known)

Defendant No. 4
 Name
 Job or Title (if known)
 Street Address
 City and County
 State and Zip Code
 Telephone Number
 E-mail Address (if known)

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question        [✔] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
542.058 Various violations of the texas Insurance Code: § 541.151; § 541.060; §541.060 (a)(2); §542A.006 §542E.006 §542 054, §542.051 (4); § 542.055 (a)(1); §542.058 ; Bad Faith Practice; Bad Faith Tort-Outrageous Malicious Tort Acts; Retaliation; Civil Rights and Privavy Violation; Prohibited discrimination; Prohibited Conduct. Jurisdiction is the authority of USSDC to hear the type of Insurance Claims under Texas Insurance Code and Diversity of Citizenship is more than $75,000.00

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Robbye Rena Hannah, is a citizen of the State of *(name)* Texas

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)* _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* Mr. Terry Donohue, is a citizen of the State of *(name)* California. Or is a citizen of *(foreign nation)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, (name)  Mr. Edward Treinen  , is a citizen of

the State of (name)  California  ,Or is a citizen of

(foreign nation)  _____

Continued Pg. 3 of 5

b. If the defendant is a corporation

The defendant, *(name)* Geovera Specialty Insurance Company, is incorporated under the laws of the State of *(name)* California, and has its principal place of business in the State of *(name)* California.

Or is incorporated under the laws of *(foreign nation)*,

and has its principal place of business in *(name)*.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Amount in Controversy- 1. Claim HL17506061-$2,493,34.04
2. Claim HL17506078-$937,820.00
3. Claim HL17501029-$2,881,35.84
Total-$6, 311,889.64

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Misrepresentation of Policy-Geovera Adjuster Mr. Donohue and Field Adjuster Mr. Housler failed to acknowledge Robbye Rena Hannah as the Homeowner, Policy Holder and name on the Deed of Trust.Deceptive Unfair Practices Failure to communicate directly with the Homeowner on Claims filed. Failure to pay the claims within insured policy limit. Forced to file lawsuit for payment. Adjuster Treinin and Donohue violated the Texas Prompt Act- Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear. Prohibited Discrimination-violated equal treatment. Retaliated and closed claims based on refusal to use Mr. Brownlow a contractor that has a long standing relationship with Geovera.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Extra Contractural Damages- Claim HL17506061-$685,080.00; Texas Prompt Act-18%183, 789.13 and Treble Damages-Unspecified amount-Outrageous Malicious Tort Acts; Egregerious Behavior; Retaliation; Wrongful acts committed by Agents by omission or commission; 542 A-10%-$102,105.08; Attorney fees-$623,33.51 and Summary Judgment. Total-$2,493,34.04
Extra Contractural Damages- Claim HL17506078-$496,373.91; Texas Prompot Act-18%-$133,164.20;542A;10% $73,980.12; Treble Damages-Unspecified Amount-Outrageous Malicious Tort Acts; Egregerious Behavior; Retaliation; Wrongful Acts Commited by Agents by Ommission or Commisiion; Attorney Fees-$234,506.07;

State a Claim:

1. **Claim #HL17506061**-Water Plumbing Related-Date of Loss -07/25/2017 Major Water Damage to Upper and Lower Level and personal contents; Mold, Fungi, and Mildew.

2. **Claim #HL17506078**-Decayed Collapsed Household drains and Underground Pipes.

Nov 2017-February 2018 Geovera Claims Adjuster Mr. Donohue; Field Adjuster Mr. Housler from Team One; and Claims Adjuster Mr. Edward Treinen.

Deceptive Trade Practice Act-Geovera Claims Adjuster Mr. Donohue and Field Adjuster Mr. Housler failed to acknowledge Robbye R. Hannah, the Homeowner; Policy Holder and name on the Deed of Trust. Prohibited Conduct-Failure to communicate with Homeowner on the claims filed. Failure to give Homeowner a copy of Damage Estimate from November 4, 2017 walk thru Home Inspection performed by Field Adjuster Mr. Housler. Failure to communicate with Homeowner and go over the Damage Estimate to bring home back to Marketable conditions.

Failure to give copy of Damage Estimate for Homeowner to schedule contractors to submit a bid. Failure to give Homeowner contact information to submit the evidence and proof of documentation. Ignored email Cease and Desist; Failure to Cease and Desist working with an illegal unauthorized contractor name Mr. Brownlow that has a long standing relationship with Geovera Specialty Insurance Company; and work directly with the Homeowner.

MISREPRESENTATION OF INSURANCE POLICY (1) making an untrue statement of material fact;(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; False statements verbal and written contained an untrue, deceptive, or misleading

1

assertion, representation false statement made; false statements written in Denial Notice, Emails and letters.

Prohibited discrimination- Equal Treatment: Geovera Agents and Team One Field Adjusters treated Homeowner differently from other individuals of the same class and essentially the same hazard. Homeowner was subjected to multiple inspections and denied copies of all Inspection reports. Insured denied the right to select own contractor.

Geovera violated legal obligation to fair dealing and violated duty of good faith with their policyholder. 1) no reasonable basis exists for denying or delaying payment of benefits under the policy; and (2) the insurer knew or should have known that no reasonable basis existed for denying or delaying payment of the claim.

Misrepresented a material fact or policy provision relating to coverage: Failure to attempt, in good faith, a prompt, fair, and equitable settlement when coverage on a claim has become clear .Unfair insurance practice of not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear."

Violation of The "Prompt Payment of Insurance Claims" statute in Chapter 542 of the Texas Insurance Code (1) the policyholder had a claim under the policy; (2) the insurer is liable for the claim; and (3) the insurer failed to comply with a requirement of the statute. On January 5" Geovera Claims Adjuster Mr. Donohue informed Homeowner her case will be transferred to another Adjuster to process the payment of claims filed. On January 10" and 11" 2018-New Geovera Adjuster Mr. Treinen informed Homeowner it's an old case and need to be settled and closed; and asked Homeowner does she have an Attorney or Public Adjuster because their name is required to be on the check. All investigations were complete.

2

Mr. Treinen mailed the Proof of Loss Paperwork and closed the claims before the Proof of Loss Paperwork was due.

Bad Faith Practice-Geovera played Games from the beginning of the case to the end, and wrote false fraudulent statements on the Denial Notice March 5, 2018 to not pay a valid claim a cover loss in insured policy. Both Claims filed were within insured policy limits. Homeowner forced to file a lawsuit because Geovera refuses to pay nothing when liability is clear. Geovera was aware homeowner upper and lower level was uninhabitable and refused to pay Additional Living Expenses and Loss of personal contents covered in insured policy. Homeowner new construction is damaged because of Geovera Bad Faith.

Bad Faith Practice- Insured non-payment on claims was not based on claims filed. Geovera retaliated against insured because she refused to use Mr. Brownlow as her contractor and exposed the wrongful acts committed by the agents by omission or commission. It's called **"Teaching insured a lesson"** for exposing their wrongful acts and refusing to give the illegal unauthorized contractor Mr. Brownlow the job. Mr. Brownlow has a long standing relationship with Geovera Specialty Insurance Company. Insured contacted her Insurance Agent Joan Reamer and informed her that the Agents are going to close insured case (before claims were closed) and has nothing to do with claims filed. Insured discovered the latter part of 2018, that Mr. Treinen closed claim #HL17506061 and claim #HL17506078 before he mailed the Proof of Loss Paperwork. Mr. Donohue closed claim #HL17506061 January 5, 2018 to attempt to cover up their wrongful acts committed by Omission or Commission.

Bad Faith- Outrageous Malicious Tort Acts; Fraudulent; Conspiracy and Concealment; Discriminatory, Unfair, Deceptive; Retaliation; Egregious Behavior; Civil Rights and Privacy Violation. Bad Faith Practice. The Agents broke the law and knowingly committed the prohibited act and prohibited conduct.

3

Homeowner was stripped of her rights and it was given to an illegal unauthorized contractor Mr. Brownlow. Claims Adjuster Terry Donohue was the mastermind that orchestrated the concealment; fraudulent conspiracy in October 2017 to get Mr. Brownlow to attend the home inspection Nov 4, 2017 because Mr. Price and Mr. Brownlow wanted the contract.

Mr. Donohue and Mr. Housler communicated directly with Mr. Brownlow and ignored Homeowner. Mr. Brownlow was given a copy of the damage estimate completed by Mr. Housler to submit his bid. Homeowner was denied a copy of the damage estimate for contractors to bid. Mr. Brownlow is not the Homeowner, Policyholder and name not on the "Deed of Trust." The Agents created an unsafe violent environment; verbal abuse and close physical altercation and gun violence; breaking and entering that would cause bodily harm, bodily injury or possibly death. The field Adjuster recused himself from the case. Mr. Donohue continued to work directly with the illegal contractor Mr. Brownlow. He accepted his bid knowing that it was wrong and attempted to process the bid until he got caught Jan 5, 2018 and closed the case immediately without Homeowners knowledge.

The case was transferred to Mr. Treinen and he illegally closed the case without the Homeowners knowledge and the covered loss claims were not paid. Geovera Specialty Insurance is an insurance company but the Agents did not conduct themselves in a business-like manner. They acted as if they were the Mafia and Loan Sharks and went to any extreme necessary to force Homeowner to use Mr. Brownlow and made sure he got the job. Homeowner refused to comply, exposed their wrongdoings. The Agents retaliated and refused to pay a legitimate claim because Homeowner would not comply with their illegal demands. Homeowner suffered Economic losses and Financial hardship; and additional water damage to building because Geovera Agents ignored all the Plumbing companies inspections and warnings that validated the loss.

4

Pursuant to the Texas Insurance Code 542.006 of the Section 542E.006; and Pursuant to Texas Insurance Code 541.002 of the Section 541.002(2), Geovera does not qualify to elect and accept whatever liability an "agent" might have to Ms. Hannah for the "agent's" acts or omissions related to the reference Water/Plumbing Claims and reference Hail Claim for Geovera Adjusters Mr. Donohue and Mr. Treinen.

Pursuant to the Texas Insurance Code 541.002 of the Section 541.002(2):

Texas law does permit adjusters, like Mr. Terry Donohue and Mr. Edward Treinen from Geovera Specialty Insurance Company to be held individually liable for violations of the Texas Insurance Code, Section 541.002(2). For an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just connected to an insurance company's denial of coverage. "Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages under Subchapter D is based

Pursuant to the Texas Insurance Code 542.006 of the Section 542E.006:

An insurers election under Subsection (a) is ineffective to obtain the dismissal of an action against an agent if the insurers' election is conditioned in a way that will result in the <u>insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omissions. Insured can prove the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omissions</u>.

State a Claim:

3. CLAIM # HL17501029-Wind Driven

Deceptive Practice-Insured believed Geovera there was no wind driven force of the wind damages that created an opening and rain entered structure and there was no opening in the roof or wall where Wind Driven/Wind Driven Rain entered the building. Harvey Adjuster instructed Homeowner to gut out the first floor and Geovera will mail the Inspection report. Homeowner was denied a copy of the inspection

report. April 2018 the State intervened and removed three HVAC systems and Condensers based on Wind Driven Damages. The State explained that the HVACS were compromised during Hurricane Harvey and water entered the Air ventilation system and filtered through the air vents. The Primary HVAC system is located in Attic #2. A couple days after the installment Homeowner lower family room ceiling collapsed because of an undetected leak hidden behind the walls from public view.

Bad Faith-Fraudulent; Concealment and Conspiracy-Mr. Brownlow bid was based on Hurricane Harvey submitted October 2017. During the November 4, 2017 home inspection Mr. Brownlow shared with Mr. Edward Green that he spoke with Terrence. Terrence informed Mr. Brownlow that Homeowner home was damaged by massive amounts of water from the air-vents.

Bad Faith-Geovera Specialty Insurance Company; Geovera Adjusters; Team One Adjuster; Mr. Brownlow and Mr. Price all knew insured building was damaged by Hurricane Harvey Wind Driven. -Force of the wind damage the building and created an opening for water to enter structure and through existing holes on one of the Furnace Flue Caps. Geovera tried to assist Mr. Brownlow on getting the contract and build Homeowner a basic home, so Homeowner would not find out about the wind damages or be able to access her personal contents. Field Adjuster Donohue asked Homeowner on November 9, 2017, why Homeowner did not submit Mr. Brownlow bid completed October 2917.

Bad Faith-Geovera remained silent about the wind driven rain and Homeowner suffered additional water damage to her building and new construction. Geovera remained silent to not pay a cover loss in insured policy. Geovera refused to re-inspect because Geovera already knew about the Wind Driven Damages September 2017. Geovera refused to inspect the attics to not pay a legitimate claim. Homeowner suffered economical and financial hardship

Relief-

Claim # HL17506078 and HL17506061

Summary Judgment amount excluding coverage of policy; extra-contractual damages; 18% interest pursuant to the Prompt Payment Act, unspecified amount for outrageous Malicious Tort Acts; Economic Losses; and Financial hardship pursuant to the DTPA; Treble Damages; Interest and representative fees by multiplier due to not paying the cover loss in Insurer policy; Bad Faith Practice-Tort.

Home continues to be damaged because of the decayed, collapsed pipes water enters the structure. Drain Cleaner is not resolving the problem. It's a cove loss and all plumbing companies validated the loss. Egregious behavior conducted in a Mafia and Loan Shark fashion. Failure to work directly with or communicate with the homeowner; or acknowledge the Homeowner. Retaliation for exposing their wrongful acts by commission and omission; refused to use Mr. Brownlow and in return the Agents retaliated did not pay the claims filed. Failure to pay claims within policy limits; Economic losses and financial hardship.

Relief:

Summary Judgment amount excluding coverage of policy; extra-contractual damages; 18% interest pursuant to the Prompt Payment Act, unspecified amount for outrageous Malicious Tort Acts; Economic Losses; and Financial hardship pursuant to the DTPA; Treble Damages; Interest and representative fees by multiplier due to not paying the cover loss in Insurer policy; Bad Faith Practice-Tort.

Bad Faith – DTPA- Concealment; Fraudulent and Conspiracy-Geovera continues to act in Bad faith; continues to play games; refuse to reopen insurance claims covered and offer a fair settlement out of court and pay the covered peril; a covered loss; a direct physical loss covered in Robbye R. Hannah

policy. Homeowner suffered additional water damage to building because Geovera remain silent about the wind driven damages. Misrepresented to homeowner a material fact or policy provision relating to coverage at issue; It was not only flood water. It was a combination of wind driven and surface water. Home had to be shut down because of electrical issues. Geovera did not care about Insured and Family safety; economic losses and financial hardship.

Pro Se 1 (Rev. 12 16) Complaint for a Civil Case

and Summary Judgment-$937,820.30-continous water damage to home because of Geovera Bad Faith. Extra Contractural damages-HL17501029-$666,192.47; Texas Prompt Act-10%$108,050.94; 542 A-10%-$108,050.94;Treble Damages-Unspecified Amount-Outrageous Malicious Tort Acts; Egregerious Behavior; Retaliation; Wrongful Acts Commited by Agents by Ommission or Commisiion; Attorney Fees-$720,33.96; Summary Judgment-$2,881,35.84.; additional damages to new construction because of Geovera Bad Faith. Economic losses and Financial Harsdhip. Total-$6, 311,889.64

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 18, 2019

Signature of Plaintiff *[signature]*
Printed Name of Plaintiff Robbiye Rena Hannah

B. **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address